UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| M.E.M. VENTURES, LLC d/b/a ROUND GROVE CENTER, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CAUSE NO. 4:16-CV-23-TLS-PRC |
| THE WHITE GROUP, INC. and STEVEN WHITE, ) ) | |
| Defendants. ) | |

**OPINION AND ORDER**

A First Amended Complaint was filed in the White County, Indiana, Superior Court on February 24, 2016. Defendant Steven White removed the case, with the consent of Defendant The White Group, to this Court on March 18, 2016, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). As the party seeking to invoke federal diversity jurisdiction, Defendant Steven White bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). The jurisdictional allegations of the Notice of Removal are deficient. Although the citizenship of Defendant The White Group, Inc. is properly alleged, there is insufficient information to determine the citizenship of Plaintiff M.E.M. Ventures, LLC and of Defendant Steven White.

First, the Notice of Removal alleges that Defendant The White Group, Inc. is organized under the laws of Oklahoma with its principal place of business in Oklahoma. *See* 28 U.S.C. §

1332(c)(1) (providing that a corporation is deemed to be a citizen of every state and foreign state in which it has been incorporated and the state or foreign state where it has its principal place of business); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (holding that the term "principal place of business" refers to the corporation's "nerve center," that is, the place where a corporation's officers direct, control, and coordinate the corporation's activities). This is sufficient to determine that The White Group, Inc. is a citizen of Oklahoma.

The citizenship of Defendant Steven White is determined by his domicile. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile–that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332). The Notice of Removal alleges that Defendant Steven White is "a citizen of Oklahoma"; this is not a statement of domicile. The First Amended Complaint alleges that Steven White is a "resident" of Disney, Oklahoma, which is also not a statement of domicile. Defendant Steven White must advise the Court of his domicile.

As for Plaintiff M.E.M. Ventures, LLC, a limited liability company is analogous to a partnership and takes the citizenship of its members. *Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). If the members of the limited liability company are themselves limited liability companies, the plaintiff must also plead the citizenship of those members as of the date the complaint was filed. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("[A]n LLC's jurisdictional statement must identify the citizenship of each of its

2

members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."). The Notice of Removal alleges, without more, that M.E.M. Ventures, LLC "is a citizen of the state of Indiana." The First Amended Complaint is silent as to the members of M.E.M. Ventures, LLC. Therefore, Defendant Steven White must advise the Court of the identity and citizenship of each member of M.E.M. Ventures, LLC. If any of those members are themselves limited liability companies, the membership of each member limited liability company must also be identified.

Accordingly, Defendant Steven White is **ORDERED** to **FILE** a Supplemental Jurisdictional Statement on or before July 25, 2016, (1) identifying his domicile and (2) listing the identity and citizenship of each member of Plaintiff M.E.M. Ventures, LLC.

SO ORDERED this 11th day of July, 2016.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT